IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------X

UNITED STATES OF AMERICA

        Plaintiff,

                                            Criminal Action No. 06-76 (GMS)

    v.

CHIAN SPIRIT MARITIME ENTERPRISES, INC.,
VENETICO MARINE S.A., *et al.*

        Defendants.

-----------------------------------------------------------X

### DEFENDANTS' MOTION IN LIMINE

Before the voir dire examination of the jury panel, and out of the presence and hearing of the jury panel, Defendants, **CHIAN SPIRIT MARITIME ENTERPRISES, INC.** and **VENETICO MARINE S.A.**, (hereinafter "Moving Defendants") make this motion in limine. Moving Defendants seek to exclude matters that are incompetent, irrelevant, or prejudicial to the material issues in this case. If the Government injects these matters into the trial of this case through a party, an attorney, or a witness, the Government will cause irreparable harm to Moving Defendants, which no jury instruction could sufficiently cure. If any of these matters are brought to the attention of the jury, directly or indirectly, Moving Defendants would be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Moving Defendants urge this motion in limine.

Moving Defendants respectfully asks this Honorable Court to instruct the Government and its counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the Court's permission

1

outside the presence and hearing of the jury, and to instruct the Government and its counsel to warn and caution each of their witnesses to follow the same instructions.

The matters referred to above are as follows:

1. Any evidence, testimony or argument relating to any criminal charge, theory of prosecution, prior bad act(s) and/or or allegation not plead in the Government's Indictment.

   **AGREED:** _____ **GRANTED:** _____ **DENIED:** _____

2. Any witness, statement or demonstrative evidence the Government did not identify and/or otherwise disclose in response to Defendants requests for such disclosures dated July 7, 2006, (a copy of which is attached hereto as Exhibit "A").

   **AGREED:** _____ **GRANTED:** _____ **DENIED:** _____

3. Any evidence, testimony or argument that Defendants asserted claims of privilege during pre-trial matters. Claims of privilege are not admissible as evidence.

   **AGREED:** _____ **GRANTED:** _____ **DENIED:** _____

4. Any statement, comment or documentation evidencing that there have been any plea offers, negotiations, pleas or refusals to plead the pending charges by any of the defendants.

   **AGREED:** _____ **GRANTED:** _____ **DENIED:** _____

5. Any mention of any statement made by Defendants or Defendants' counsel during plea negotiations.

   **AGREED:** _____ **GRANTED:** _____ **DENIED:** _____

6. The financial condition, net worth, and the ability of Defendants to pay a fine, damages or any other matter relating to the finances of Defendants.

   **AGREED:** _____ **GRANTED:** _____ **DENIED:** _____

7. Any evidence, testimony or argument expressly or impliedly suggesting that Defendants may

be covered by any insurance for the defense of the charges, fines and/or penalties sought in this matter.

**AGREED:** _____   **GRANTED:** _____   **DENIED:** _____

8. Any comment regarding who pays the fines and/or penalties; whether Defendants will pay the fines and/or penalties; whether Defendants have any ability to pay a fine and/or penalty.

   **AGREED:** _____   **GRANTED:** _____   **DENIED:** _____

9. Any comment, statement or reference that the firm of Chalos, O'Connor & Duffy or undersigned counsel specialize in handling the defense of criminal allegations involving maritime issues.

   **AGREED:** _____   **GRANTED:** _____   **DENIED:** _____

10. Any comment, statement or reference that Defendant, Defendant's counsel and/or any of Defendants' witness(es) are or not from Delaware or any similar comment that may draw upon the prejudices or patriotic sympathies of the jury. Such evidence is irrelevant, and its probative value is substantially outweighed by the danger of unfair prejudice.

    **AGREED:** _____   **GRANTED:** _____   **DENIED:** _____

11. Any attempt by the Government or its counsel to introduce into evidence any portions of the Rule 15 depositions, which constitute hearsay evidence or opinions for which no predicate has been established, and which has not been agreed or ruled upon by this Court.

    **AGREED:** _____   **GRANTED:** _____   **DENIED:** _____

12. From introducing into evidence any Rule 15 deposition testimony until Defendants' objections have been considered and ruled on by the Court outside the presence of the jury and a determination has been made.

    **AGREED:** _____   **GRANTED:** _____   **DENIED:** _____

13. Any comment, question or inquiry of a witness calling for a legal conclusion as all questions of law are solely for this Honorable Court to decide and instruct the jury accordingly.

3

**AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

14. Any mention of the value of Defendants' assets, including but not limited to the M/V IRENE E.M., which can be an indicator of wealth or financial condition, is irrelevant and prejudicial.

    **AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

15. Any reference to any other claims, allegations, charges or lawsuits against Defendants until such time as the Court has ruled that sufficient evidence has been presented to establish relevance and/or admissibility of such information.

    **AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

16. Any statement by the Government that tends to inform the jury or the jury panel of the effect of its answers to Jury Questions or a general verdict form or any reference to whether a certain jury question, jury instruction or charge is the Government's issue, instruction or charge, or is Defendant's issue, instruction or charge.

    **AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

17. Any demands or requests by the Government in the presence of the jury for the production of any document or copy of any document.

    **AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

18. Any attempt in the presence of the jury to request Defendants and/or Defendants' counsel to produce documents, stipulate to any fact, or make any agreement.

    **AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

19. Any statement by the Government that some witness(es) or person(s) presumed or actually under the control of either Defendant, Defendants and/or Defendants' counsel was not called to testify on behalf of Defendants.

    **AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

4

20. Any statement that Defendants have failed to call a witness who is equally available to both sides or what the testimony would have been of any such witness who was not actually called and/or appeared before the jury to testify.

   **AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

21. Any mention of the probable testimony of a witness who is absent, unavailable, not called to testify in this case, or not allowed in any manner to testify in this case.

   **AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

22. Any hearsay statements, comments or documents attributed to any witness who will not and/or does not testify at trial.

   **AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

23. Introduction by the Government of any hearsay comments attributed to any unknown or unidentified witness not subject to cross-examination by Moving Defendants.

   **AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

24. Any mention from the Government and/or any of the prosecution's witness(es) regarding their personal opinion about the credibility of any witness.

   **AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

25. Any statement or comment by the Government's counsel to the jury regarding their personal beliefs concerning the "justice" to be served by the Government's allegations and/or Government's right to recover fines in connection with this matter.

   **AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

26. Any statement or comment that the jury should make Defendants know what the price of justice is in this industry or community or to send Defendants or their employees a message or other such inflammatory or prejudicial language.

   **AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

5

27. Any conversations or other communications between employees or representatives of Defendants and their attorneys to the extent that such conversations or other communications are privileged.

   **AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

28. Introduction by the Government of any testimony by any person who was not identified as a person with knowledge of relevant facts, or any testimony of such persons that was not described in accordance with the Moving Defendants' pre-trial discovery demands, including but not limited to Moving Defendants' request dated July 7, 2006 ("Exhibit "A" hereto).

   **AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

29. Introduction by the Government of any opinions or conclusions expressed by a person who has not been qualified as an expert witness with the proper expertise and qualifications to express opinions or conclusions in question and who has not been designated as a testifying expert as per FRCrP 16(a)(1)(G).

   **AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

30. Introduction by the Government of any opinion testimony from a lay witness, where such testimony constitutes expert opinion.

   **AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

31. From eliciting any evidence or testimony by any lay or expert witness on marine engineering issues generally, and whether the Oily Water Separator system was working properly specifically, without laying the proper legal concepts and predicate.

   **AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

32. Before the court rules on the law applicable to this case, any attempt by the Government to advise the jury of the law other than that regarding the burden of proof and the basic legal definitions counsel believes to be applicable.

   **AGREED:** _____  **GRANTED:** _____  **DENIED:** _____

33. Any reference that Defendants' attorneys asserted trial objections, whether sustained or overruled by the Court, or that Defendants' attorneys failed to assert any objections.

   **AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

34. From disclosing to the jury or commenting upon any document or tangible thing, whether used for demonstrative purposes or otherwise, before tendering such items to counsel for Defendants such that any objections thereto may be heard and ruled upon outside the presence of the jury.

   **AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

35. Any statement, comment or reference by the Government to any documents, statements, photos, videotapes or other evidence not produced or identified in response to Defendants request for such materials or in compliance with the Federal Rules of Criminal Procedure, Federal Rules of Evidence, the local rules, and/or the Rules of this Court.

   **AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

36. Any reference, comment or argument that the Court has made any rulings upon any matter outside of the presence of the jury upon the grounds such information is irrelevant, would be tantamount to a comment on the weight of the evidence and would be extremely prejudicial.

   **AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

37. Any reference, comment or argument that this Motion in Limine or any pretrial motion has been presented to the Court or making any suggestion to the jury, be it argument or otherwise, that Defendants have sought to exclude any matter bearing on the issues in this case or the rights of the parties to this proceeding.

   **AGREED:** _____    **GRANTED:** _____    **DENIED:** _____

WHEREFORE, Defendants, **CHIAN SPIRIT MARITIME ENTERPRISES, INC.,** and **VENETICO MARINE S.A.**, respectfully request that this Honorable Court grant this Motion in Limine either in whole or in part, or in separate parts, and that this Court enter its Order instructing

the Government, and through them any and all witnesses called on its behalf, to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, including offering of documentary evidence, covering any of the matters set forth above, without first requesting and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause, and that Defendants be granted any other and further relief that the Court may deem appropriate.

Moving Defendants reserve the right to supplement the foregoing *limine* applications up to and through the time of trial as necessary, appropriate and to the extent permitted by this Honorable Court.

    Respectfully submitted,

    CHALOS, O'CONNOR & DUFFY, LLP

By: _____
    George M. Chalos
    *Attorneys for Defendants*
    Chian Spirit Maritime Enterprises, Inc.
    and Venetico Marine S.A.
    Chalos, O'Connor & Duffy, LLP
    366 Main Street
    Port Washington, New York 11050
    (516) 767-3600 (Telephone)
    (516) 767-3605 (Facsimile)
    Email: gmc@codus-law.com

## CERTIFICATE OF SERVICE

I do hereby certify that, on this <u>6th day of November 2006,</u> I have served a copy of the foregoing pleading on counsel for all parties to this proceeding, by Email and by mailing the same by United States mail, properly addressed, and first-class postage prepaid to the following:

> United States Department of Justice
> U.S. Attorney's Office
> Nemours Building
> 1007 N. Orange Street, Suite 700
> Wilmington, Delaware 19801
> Attn: Edmond Falgowski, Esq.

> United States Department of Justice
> Environmental Crimes Section
> P.O. Box 23985
> L'Enfant Plaza Street
> Washington, D.C. 20026
> Attn: Gregory Linsin, Esq.
>     Jeffrey Phillips, Esq.
>     Tracy Katz, Esq.

Respectfully submitted,

By: George M. Chalos
CHALOS, O'CONNOR & DUFFY, LLP
366 Main Street
Port Washington, NY 11050
Tel: (516) 767 3600
Fax: (516) 767 3605
Email: gmc@codus-law.com

9

# EXHIBIT A

NEW ORLEANS
400 Poydras Street, 30th Floor
New Orleans, Louisiana 70130
(504) 523-2500
Telecopier (504) 523-2705

HOUSTON
4 Houston Center, Suite 1560
1331 Lamar
Houston, Texas 77010
(713) 654-1560
Telecopier (713) 654-7930

GEORGE M. CHALOS
Partner
E-Mail: gmc@frc-law.com

Web-Site
www.frc-law.com

# FOWLER RODRIGUEZ & CHALOS
### COUNSELLORS AT LAW

366 MAIN STREET
PORT WASHINGTON, NEW YORK 11050
(516) 767-3600
TELECOPIER (516) 767-3605

MIAMI
South Tower Building
806 Douglas Road, Suite 580
Coral Gables, Fl 33134
(305) 445-2930
Telecopier (305) 445-2450

MOBILE
AmSouth Bank Building
107 St. Francis Street, Suite 1204
Mobile, Alabama 36608
(251) 344-4721
Telecopier (251) 343-7503

BOGOTA
Carrera 12A #77-41
Oficina 502
Bogota, COLOMBIA
011-571-313-4488
Telecopier 011-571-313-4677

July 7, 2006

<u>Via Email & U.S. Mail</u>

Mark Kotila, Esq.
Jeffery L. Phillips, Esq.
United States Department of Justice
Environmental Crimes Section
Box 23985
Washington, DC 20026-3985

Edmond Falgowski, Esq.
United States Attorney's Office
District of Delaware
Nemours Building
1007 N. Orange Street, Suite 700
PO Box 2046
Wilmington, DE 19899-2046

Re:   United States v. Venetico Marine, S.A. & Chain Spirit Marine Enterprises, *et al.*
      FRC Ref.: 500351.001

Gentlemen:

Further to the Stipulated Order previously executed by and between the parties, please accept this as Defendants', Venetico Marine, S.A. ("Venetico") and Chain Spirit Marine Enterprises ("CSME"), supplemental request for the Government to make available to me all materials and information which the Government must disclose pursuant to the Federal Rule of Criminal Procedure, Federal Rules of Evidence and controlling case law, to the extent not already provided by the Government.

(1)   <u>Statements</u>

(a) **Defendant's Written or Recorded Statements [FRCrP 16(a)(1)(B)].** (1) Any relevant written or recorded statement by and/or on behalf of the defendants within the possession, custody or control of the Government that are known to you, or through due

Fowler, Rodriguez, Chalos, Flint, Gray, McCoy, O'Connor, Sullivan & Carroll, L.L.P.

Independent Affiliated Offices

CARACAS•GUATEMALA CITY•MEXICO CITY•MONTREAL•SAN JOSE•SAN JUAN•SAN PEDRO SULA•SAN SALVADOR•SANTO DOMINGO•SAO PAULO

**FOWLER RODRIGUEZ & CHALOS**

diligence may become known, to the extent not already provided. (2) Any reference in any written record of any oral statement made before or after arrest by and/or on behalf of the defendants to a person known by the defendants to be a Government agent, to the extent not already provided.

**(b) Defendants Oral Statements [FRCrP 16(a)(1)(A)].** The substance of any oral statements made by the defendant whether before or after interrogation by any person then known by the defendants to be a Government agent or law enforcement officer that the Government intends to use in any manner at trial regardless of whether any written record of the statement exists. In the event the Government intends to use such an oral statement at trial, I request that it be reduced to writing and produced.

I request that, in responding to this request for Defendants' oral statements, you ask each law enforcement agency involved in investigating or prosecuting this case to search its files for responsive information.

**(c) Defendants Prior Record [FRCrP 16(a)(1)(D)].** A copy of the Defendants' criminal record within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to you, to the extent not already provided. This request includes the Defendants' entire criminal record, including all arrests and offenses regardless of conviction or severity. It includes all matters that may affect the defendants' criminal history score pursuant to U.S.S.G. Chapter 4.

**(2)    Documents, Data and Objects**

**(a) Material To Preparing A Defense [FRCrP 16(a)(1)(E)(i)].** Inspection, copying or photographing of documents, data or tangible objects within the possession, custody or control of the Government and are material to the preparation of the defense. Please identify any materials the Government intends to use at trial in-chief.

**(b) Material Government Intends To Use In-Chief [FRCrP 16(a)(1)(E)(ii)].** Please produce or otherwise make available to the extent not already done, any and all documents, data and tangible objects, including tape recordings and transcripts, which the Government intends to use as evidence in-chief. In this regard, please produce an index or working exhibit list of items you intend to introduce at trial. Additionally, please provide notice of the Government's intention to use any evidence in-chief discoverable under Rule 16 which the defense may seek to suppress (FRCrP 12(b)(4)(B)].

**(c) Obtained From or Belonging To Defendants [FRCrP 16(a)(1)(E)(iii)].** All materials obtained from or belonging to the Defendants that are within the possession, custody or control of the Government regardless of how obtained or the identity of the person who obtained them.

**(3)    Reports of Examinations and Tests [FRCrP 16(a)(1)(F)]**

Results or reports of physical or mental examinations, and scientific tests or experiments within the possession, custody or control of the Government or by the existence of due diligence may become known to you, and material to the preparation of the defense or are intended for use

2

FOWLER RODRIGUEZ & CHALOS

by the Government as evidence in-chief at trial. In the event the results of any scientific tests were reported orally to you or to any government official or law enforcement officer, I request that you cause a written report of the results to be made and produced. In complying with the request, please contact any law enforcement agency involved in the investigation or prosecution of this case to determine whether relevant examinations or tests were conducted, and, if so, please produce the results or reports.

(4)    **Expert Witness [FRCrP 16(a)(1)(G)]**

In the event you intend to offer any expert testimony under the Federal Rules of Evidence through any witness, including a Government agent or employee or law enforcement officer, I request that you prepare and produce a summary of the witness' opinion testimony, the grounds or basis for any such opinion testimony and the qualifications of the expert witness.

(5)    **Other Offense Evidence [FRE 404(b)]**

I request notice of any "other offense" evidence you intend to introduce in you case in-chief. At the time you identify any "other offense" evidence you intend to offer in rebuttal, please produce and identify such evidences separately.

(6)    **Summary Witness or Charts [FRE 1006]**

In the event you intend to call a summary witness at trial or present evidence in the form of a chart, I request production at a reasonable time prior to trial of all of the original documents or tape recordings on which such testimony or chart is based.

(7)    **Brady/Giglio Material**

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), please produce sufficiently in advance of trail, to the extent not already provided, any exculpatory evidence material to guilt or punishment, including impeachment evidence or information. Should you have a question with regard to whether certain information constitutes *Brady/Giglio* material, or when it must be produced, I request that you present the information to the court, with notice to me, for review *in camera* to resolve these issues.

If you believe *Brady/Giglio* material is also Jencks Act material, I request that you present it to the court for *in camera* review and advise me of the general nature of the evidence. However, I request that you produce prior to trial all *Brady/Giglio* material that is not covered by the Jencks Act.

(8)    **Jencks Act Material**

I request pretrial production of Jencks Act material within a reasonable time prior to the day of a witness' direct examination.

(9)    **Sentencing Information**

3

**FOWLER RODRIGUEZ & CHALOS**

The Sentencing Commission has encouraged prosecutors prior to the entry of a plea of guilty to disclose to a defendant the facts and circumstances of the offense and offender characteristics, then known to the prosecuting attorney, that are relevant to the application of the sentencing guidelines. U.S.S.G. §6B1.2, p.s. comment. To insure that my clients can make an informed and intelligent decision regarding the possible or probable consequences of pleading guilty or requesting a trial, I kindly request that you advise me of any facts and circumstance presently known to the Government or reasonably discoverable, that relate to sentencing issues under the sentencing guidelines, or to calculation of the applicable sentencing guideline range, should my client be convicted of any one or more of the charges in the indictment.

More specifically, I request that as soon as possible you provide me with the following information as to this case:

- What guidelines does the Government contend are applicable?
- What aggravated offense characteristics, if any, does the Government contend are applicable?
- What adjustments, if any, does the Government contend are applicable?
- Upon what grounds, if any, will the Government seek a departure from the guidelines?
- What criminal history category does the Government contend is applicable?

I am also requesting any information that would bear upon computation of the following sentencing and guideline factors:

- Base offense level
- Specific offense characteristics
- Relevant conduct
- Adjustments or criminal history

I also request any guilt-related *Brady* information that is favorable to my client and material to the court's determination of a sentence under the sentencing guidelines in the event of a plea or guilty or conviction.

Pursuant to your continuing duty to disclose information [FRCrP (c)], I kindly request that you immediately advise me of new information as it becomes available. If you have any questions regarding the nature of the requests contained in the discovery letter, please contact me. As always, I thank you for your continued cooperation, and look forward to your early response.

Respectfully yours,

FOWLER, RODRIGUEZ & CHALOS, LLP

George M. Chalos

GMC:reo

4

**FOWLER RODRIGUEZ & CHALOS**

cc:  Bruce Pasfield, Esq.
     Alston & Bird, LLP
     The Atlantic Building
     950 F Street, NW
     Washington, DC 20004-1404
     (Via Email)

   Carl R. Woodward, III, Esq.
   Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, PC
   5 Becker Farm Road
   Roseland, NJ 07068-1739
   (Via Email)

   Michael K. Twersky, Esq.
   Montgomery, McCracken, Walker & Rhoads, LLP
   123 South Broad Street
   Avenue of the Arts
   Philadelphia, PA 19109
   (Via Email)