# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | **CRIMINAL NO. 06-76-GMS** |
| **CHIAN SPIRIT MARITIME** | * | |
| **ENTERPRISES, INC.,** | * | |
| **VENETICO MARINE S/A and M/V** | * | |
| **IRENE EM,** | * | |
| | * | |
| **Defendants** | * | |

## SUBMISSION OF JURY INSTRUCTIONS

COMES NOW the United States of America, by and through the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, and the undersigned attorney, and files this draft government-requested jury instructions and request for additional time to provide an agreed-upon joint set of government and defense-requested instructions.

## BACKGROUND

On August 30, 2006, This Honorable Court ordered the government and defense to provide joint proposed jury instructions, due November 14, 2006. The Court repeated this order orally during a motions hearing on October 27, 2006.

The government provided the attached proposed jury instructions via email to the defense at 9:50 p.m. on Monday, November 13, 2006, and arranged with counsel for the defense to speak via telephone to discuss a joint submission to the Court on the morning of November 14, 2006. At 10:43 p.m. on November 13, 2006, counsel for the defense emailed the government to communicate that he could not provide meaningful input to the instructions until the following

weekend (November 18-19, 2006). The government made contact via telephone with counsel for

the defense at 9:45 a.m. on November 14, 2006, to discuss and negotiate a joint submission of

instructions to the Court. However, counsel for the defense repeated his inability to provide

input during this time and suggested making a joint request to the Court for an additional six (6)

days to complete a joint set of proposed instructions.

### REQUEST

On behalf of counsel for the defense, the government joins in requesting an additional six

(6) days to complete a joint submission of proposed jury instructions to the Court.   In addition,

both counsel have agreed to travel to Delaware in person prior to the November 21, 2006 pre-

trial conference for the purpose of refining any remaining issues with the joint submission and to

ease the Court's burden of discussing this and any remaining trial issues via teleconference.

RESPECTFULLY SUBMITTED

/s/ Jeffrey L. Phillips

JEFFREY L. PHILLIPS
Trial Counsel
Environmental Crimes Section
United States Department of Justice
(202)305-0354

2

# PRELIMINARY INSTRUCTIONS

Preliminary Jury Instructions - Criminal
(GMS) Rev: 1/18/06

Members of the jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

## Duty of Jury

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply to those facts the law as I will give it to you. You must follow that law whether you agree with it or not.

Nothing I may say or do during the course of the trial is intended to indicate nor should be taken by you as indicating what your verdict should be.

## Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to or that the court may instruct you to find.

The following things are not evidence and must not be considered by you:

1.    Statements, arguments, and questions by lawyers are not evidence.

2.    Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If I instruct you that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.    Testimony that I have excluded or told you to disregard is not evidence and must not be considered.

4.    Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness' testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

Rules for Criminal Cases

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, a defendant is presumed innocent unless proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government throughout the case. A defendant does not has the burden of proving his innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you in arriving at your verdict from considering that the defendant may not have testified.

2

Third, in order to prove the defendant guilty, the government must prove his guilt beyond this

respect a criminal case is different from a civil case.

<u>Summary of Applicable Law</u>

First, in this case the defendant is charged with violations of the federal conspiracy law. I will

give you detailed instructions on the law at the end of the case, and those instructions will control

your deliberations and decision. But in order to help you follow the evidence I will now give you a

brief summary of the elements of the offenses that the government must prove to make its case.

In Count I, the Indictment charges conspiracy to:

a. knowingly fail to maintain an accurate "Oil Record Book" on the vessel the

"Irene", or a log of the vessel's oily waste movement and/or discharges into the ocean,

which was required by the "Act to Prevent Pollution from Ships";

b. to make and use a false writing, the inaccurate Oil Record Book, by presenting

it to the United States Coast Guard; and

c. to "corruptly influence, obstruct and impede, and endeavor to influence a

pending proceeding by the United States Coast Guard, that being an inspection of the

"Irene" to determine its compliance with international and United States laws.

The essential elements of this and the other offenses, each of which the government must

prove beyond a reasonable doubt, will be discussed before you deliberate.

In Count II, the Indictment charges a violation of the Act to Prevent Pollution from Ships, for

the defendant's alleged failure to record overboard discharges of untreated oily waste into the ocean

and to knowingly maintain an inaccurate "Oil Record Book" while in the waters of the United

States.

3

In Counts III-V, the Indictment charges witness tampering by the defendants.

Specifically, Counts III and IV charges the defendants with corruptly persuading and attempting to corruptly persuade another person with the intent to influence the testimony of that person in an official proceeding by asking several members of the crew to change the statements that they had already provided to investigators.  Count V charges the defendant with corruptly persuading and inducing another person to conceal an object with the intent to impair the object's integrity or availability for use in an official proceeding by telling members of the Irene's crew to hid a pipe used to illegally discharge oily waste overboard.

### Conduct of the Jury

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you.  Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case, even with each other. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any conclusion about the matters in issue until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. If you do take notes, leave them in the jury room when you leave at night. And remember that they are for your own personal use -- they are not to be given or read to anyone else.

4

## Course of the Trial

The trial will now begin. First, the prosecutor will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses and counsel for defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

See Pattern Criminal Jury Instructions, District of Delaware, § 1.

Objections: The defendant objects to the italicized type and would replace it with the bold face type.

## **INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then, I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

Then, I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

See Pattern Criminal Jury Instructions, District of Delaware, § 2.1 (citation omitted).

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decisions in any way.

Preliminary Jury Instructions - Criminal (GMS) Rev: 1/18/06

See Pattern Criminal Jury Instructions, District of Delaware, § 2.2 (citation omitted).

7

INSTRUCTIONS DURING TRIAL

IN THE UNITED STATES DISTRICT COURT
_____ DISTRICT OF _____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | No. _____ |
| | ) | |
| _____, | ) | |
| | ) | |
| Defendant. | ) | |

**JURY INSTRUCTIONS**

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

8

## DEPOSITION AS SUBSTANTIVE EVIDENCE

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*name of witness*], which was taken on [*date*], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of the interpreter.

### Comment

This instruction should be used because testimony by deposition will be offered as substantive evidence. The government recommends that it be given immediately before a deposition is read. It need not be repeated if more than one deposition is read. If this Honorable Court prefers to include the instruction as a part of the instructions before evidence, it could be modified appropriately.

*See* Fed. R. Crim. P. 15.

9

## FOREIGN LANGUAGE TESTIMONY

You are about to hear testimony of a witness who will be testifying in a language other than English. This witness will testify through the official court interpreter. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation of the witness' testimony. You must disregard any different meaning of the non-English words.

### Comment

C.f. *United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998) (jury properly instructed that it must accept translation of foreign language tape-recording where the accuracy of the translation is not in issue); *United States v. Fuentes-Montijo*, 68 F.3d 352, 355-56 (9th Cir. 1995).

**REASONABLE DOUBT — DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**Comment**

None

11

**THE CHARGED OFFENSES**

## ACT TO PREVENT POLLUTION FROM SHIPS –

## OIL RECORD BOOK LAW AND REGULATIONS

Title 33, United States Code, Section 1908(a), makes it a crime for any person to knowingly

violate the MARPOL Protocol, any section of the statute itself, or the regulations promulgated under

the statute. The MARPOL Protocol is an international treaty referring to the 1973 International

Convention for the Prevention of Pollution From Ships. The Act to Prevent Pollution from Ships,

Title 33, United States Code, Sections 1901 thru 1915, is the United States law that implements the

provisions of the MARPOL Protocol. The regulations promulgated under Title 33, United States

Code, Section 1903(b) apply to vessels operated under the authority of other nations when they are

present within the navigable waters, ports, or terminals of the United States.

Title 33, Code of Federal Regulations, Section 151.25 is a regulation promulgated under Title

33, United States Code, Section 1903(b). It requires that "each vessel of 400 gross tons and above

... shall maintain an Oil Record Book" for its machinery space operations. It requires that:

> Entries shall be made in the Oil Record Book on each occasion, on a tank to
> tank basis if appropriate, whenever any of the following operations take
> place on any ship to which this section applies:
>
> (1)    Ballasting or cleaning of fuel oil tanks;
> (2)    Discharge of ballast containing an oily mixture or cleaning water
>        from fuel oil tanks;
> (3)    Disposal of oil residue;
> (4)    Discharge overboard or disposal otherwise of bilge water that has
>        accumulated in machinery spaces.
>
> In the event of an emergency, accidental or other exceptional discharge of oil or
> oily mixture, a statement shall be made in the Oil Record Book of the
> circumstances of, and the reasons for, the discharge.

12

Section 151.25 specifies that each operation described

> shall be fully recorded without delay in the Oil Record Book so that all the entries in the book appropriate to that operation are completed.  Each completed operation shall be signed by the person or persons in charge of the operations concerned and each completed page shall be signed by the person or persons in charge of the operations concerned.

Finally, Section 151.25 dictates that "The Oil Record Book shall be kept in such a place as to be readily available for inspection at all reasonable times and shall be kept on board the ship. ... The master or other person having charge of a ship required to keep an Oil Record Book shall be responsible for the maintenance of such record."

## ACT TO PREVENT POLLUTION FROM SHIPS – OIL

The term "oil" means petroleum in any form including crude oil, sludge, oil refuse, and refined products.

## ACT TO PREVENT POLLUTION FROM SHIPS – OILY MIXTURE

An "oily mixture" is a mixture, in any form, with any oil content. "Oily mixture" includes, but is not limited to, slops from bilges and oil residue.

## ACT TO PREVENT POLLUTION FROM SHIPS – OIL RESIDUE

"Oil residue" is residue of oil – whether in solid, semi-solid, emulsified, or liquid form – resulting from drainages, leakages, exhausted oil, and other similar occurrences from machinery spaces of a vessel.

## ACT TO PREVENT POLLUTION FROM SHIPS – DISCHARGE

"Discharge" includes any release howsoever caused from a ship, including any escape, disposal, spilling, leaking, pumping, emitting, or emptying.

17

## ACT TO PREVENT POLLUTION FROM SHIPS – EXCEPTIONAL DISCHARGE

An "exceptional discharge" is a discharge of oil or an oily mixture that:

    a) exceeds the allowable 15 parts per million (ppm) concentration of oil; or

    b) is made without the required pollution prevention equipment being "in operation."

The required pollution prevention equipment means an Oily Water Separator, Oil Content Meter, and automatic stopping device to prevent discharges in excess of 15 parts per million concentration of oil.

18

## ACT TO PREVENT POLLUTION FROM SHIPS – PERSON IN CHARGE

When a person is in charge of an operation that must be recorded in the Oil Record Book, that person must sign the entry in the Oil Record Book for that operation, once the operation is complete.

## ACT TO PREVENT POLLUTION FROM SHIPS – ELEMENTS

In Count 2, the Defendant is charged with violating Title 33, United States Code, Section 1908(a), which makes it a crime to knowingly fail to maintain an Oil Record Book on a vessel of 400 gross tons and above and registered in a country other than the United States, while in the navigable waters of the United States or while in a port or terminal under the jurisdiction of the United States.

In order to convict a person of failing to maintain an Oil Record Book, the government must prove each of the following beyond a reasonable doubt:

First, that the *Irene* was a ship of 400 or more gross tons that was registered in a country other than the United States;

Second, that for the *Irene*, the Defendant was in charge of the operation of the Oily Water Separator, Oil Content Meter, and automatic stopping device;

Third, that for the *Irene*, the Defendant knowingly failed to fully and accurately maintain an Oil Record Book in which the required operations were recorded without delay, specifically, all disposals of oil residue; all discharges overboard and disposals otherwise of oily mixtures from the machinery space; and all emergency, accidental, or other exceptional discharges of oil or oily mixtures; and

Fourth, that the failure to maintain the Oil Record Book occurred while the *Irene* was in the navigable waters of, or at a port or terminal of, the United States.

20

## CONSPIRACY — ELEMENTS

The defendant is charged in Count 1 of the indictment with conspiring to

a) knowingly fail to maintain an accurate Oil Record Book on the *Irene*, in violation of Title 33 United States Code, Section 1908(a) and Title 33 Code of Federal Regulations, Sections 151.25(a) and 151.25(h);

b) knowingly and willfully make and use and cause the making and use of materially false writings and documents in a matter within the jurisdiction of the United States Coast Guard and Department of Homeland Security, to make available for presentation a false Oil Record Book for the Irene which failed to record the overboard discharge of oil contaminated bilge waste; and

c) to corruptly influence, obstruct and impede, and endeavor to influence, obstruct and impede the due and proper administration of the law under a pending proceeding by the United States Coast Guard and the Department of Homeland Security during a vessel inspection of the *Irene* to determine its compliance with MARPOL and United States law, in violation of 18 United States Code, Section 1505.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about [*date*], and ending on or about [*date*], there was an agreement between two or more persons to commit at least one crime as charged in the indictment; [and]

Second, at some time during the existence or life of the conspiracy, agreement, or understanding, the Defendant knew the purpose(s) of the agreement and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding [and;]

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.[1]

---

[1] "Federal Jury Practice and Instructions: Criminal", § 31.03, Fifth Edition (2000) by O'Malley, Grenig and Lee.  See also United States v. Rankin, 80 F.2d 109, 113 (3d Cir. 1989).

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.[2]

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was an intent to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.[3]

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.[4] On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not

---

[2] See e.g., United States v. Nicoll, 664 F2d 1308, 1315 (5th Cir.), cert. denied, 457 U.S. 1118(1982)(the "gist" of the conspiracy is the agreement, the success of the conspiracy or the attainment of its objective immaterial)

[3] United States v. Kapp, 781 F.2d 1008 (3d Cir.) cert. denied, 479 U.S. 821 (1986).

[4] United States v. Jannotti, 729 F.2d 213, 221 (3d Cir.) cert. denied, 469 U.S. 880 (1984)(the fact that two co-conspirators joined a conspiracy after certain acts and statements by other conspirators took place was 'without legal significance'.)

become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.[5]

---

[5] "Federal Jury Practice and Instructions: Criminal", § 31.07, Fifth Edition (2000) by O'Malley, Grenig and Lee.

## WITNESS TAMPERING – ELEMENTS

The elements of the offense of witness tampering in violation of 18 U.S.C. § 1512(b)(1) and

(b)(2)(B) are as follows:

(1)    The defendant knowingly;

(2)    corruptly persuaded, or attempted to corruptly persuade, another person;

(3)    with intent to influence, delay or prevent the testimony of any person in an official
proceeding; or conceal an object with intent to impair the object's availability for
use in an official proceeding

To "corruptly" persuade another means to do so with a dishonest intent to affect an

official proceeding.[6]

---

[6] <u>Arthur Anderson, LLP v. United States</u>, 125 S.Ct. 2129, 2136-37 (2005)

24

**ADDITIONAL INSTRUCTIONS**

<u>**Corporate Criminal Liability**</u>[7]

1.    A corporation is liable for the criminal acts of its agents.[8]  An agent of a corporation is someone who acts on its behalf.  The agent must act within the scope of his employment.  In other words, the agent's actions must have some benefit for the corporation and must be an act normally done as part of the agent's job.  A corporation may be responsible for the acts of agents done or made within the scope of its authority, even though the agent's conduct may be contrary to the corporation's actual instruction or contrary to the corporation's stated policies. [9]

2.    Corporations can only do business through the actions of its agents, or "natural individuals."  If an agent of the corporation conspires with another individual, the corporation for which the individual is the agent may be criminally liable. [10]  A corporation is criminally responsible for the unlawful acts of its employees or other agents, provided such unlawful acts are done on behalf of the corporation and within the scope of the agent's employment or apparent authority.[11]

3.    A corporation, itself, cannot attend a meeting or make decisions; it must act through agents, such as its officers, directors and employees. In order for a corporation to be responsible for

---

[7] See generally "Federal Jury Practice and Instructions: Criminal", Fifth Edition (2000) by O'Malley, Grenig and Lee.

[8] <u>New York Cent. And Hudson River R.R. v. United States</u>, 212 U.S. 481, 495 (1909); <u>United States v. Basic Construction Company</u>, 711 F2d 570, 573 (4th Cir.) <u>(Per curium)</u>, <u>cert. Denied</u>, 446 U.S. 956 (1983).

[9] <u>United States v. Armour & Co.</u>, 168 F.2d 342, 344 (3d Cir. 1947)(court found a corporation liable for acts of its employees where the corporation had cautioned against such conduct, but did not diligently check and elminate such practices).

[10] <u>United States v. Sain</u>, 141 F.3d 463 (3d Cir. 1998)

[11] <u>United States v. American Radiator and Standard Sanitary Corp.</u>, 433 F.2d 174, 204-205 (3d Cir. 1970), cert. Denied, 401 U.S. 948, 91 S.Ct. 928, 28 L.Ed 2d 231 (1971)

the acts or statements of one of its agents it is not necessary that the corporation specifically authorize the agent to commit the act or make the statement. A corporation is legally bound by the acts and statements of its agents done or made within the scope of their employment or their apparent authority. Acts within the scope of employment are acts done on behalf of a corporation and directly related to the performance of the type of duties the employee has general authority to perform. Apparent authority is the authority which outsiders could reasonably assume that the agent would have, judging from his position with the company, the responsibilities previously entrusted to him, and the circumstances surrounding his past conduct.

When the act of the agent is within the scope of his employment or his apparent authority, the corporation is held legally responsible for it, although what he did may be contrary to his actual instructions and may be unlawful.

If you conclude that an agent of the defendant corporation, acting on behalf of the corporation and within the scope of his employment or his apparent authority, engaged in a conspiracy, failed to maintain an accurate Oil Record Book, in which all transfers of oil-contaminated bilge waste and sludge were fully recorded in the book, or corruptly influenced or attempted to influence a witness or object of a United States Coast Guard investigation, then it is no defense that the corporation had instructed its employees orally or in writing to comply with the anti-pollution laws.[12]

---

[12] Id at 204-205.

26

ELEMENTS[13]

In order to sustain its burden of proof for the crimes of conspiracy[14], as charged in Count 1 of the Indictment, violating the Act to Prevent Pollution from Ships, as charged in Count 2 of the Indictment and witness tampering, as charged in Counts 3-5 of the Indictment, the government must provide to you, beyond a reasonable doubt, that each of the elements for those counts given to you earlier was committed by an employee or agent of the defendant corporation.

In addition to the above, the government must also establish the following two (2) elements beyond a reasonable doubt in order to sustain its burden of proof as to the Defendant:

First: That each of the acts committed by the employee or agent were within the course and scope of their employment; and

Second: that the employee or agent committed each of the elements of the offense with the intent to benefit the Defendant.

In order to establish that an act was committed or omitted within the course and scope of employment, the evidence must show that the act or omission related directly to the general duties that the employee was expected to perform by the defendant corporation.  It is not necessary for the government to prove that the act was authorized by the corporation formally or in writing.[15]

---

[13] "Federal Jury Practice and Instructions: Criminal", § 18.05, Fifth Edition (2000) by O'Malley, Grenig and Lee.

[14] A corporation may be criminally liable for conspiracy under Section 371.  See eg. United States v. Weichert, 783 F2d 23 (2d Cir), cert. Denied, 479 U.S. 831(1986); United States v. S & Vee Cartage Co., 704 F.2d 914 (6th Cir.), cert. Denied, 464 U.S. 935 (1983).

[15] Id.

27

## CERTIFICATE OF SERVICE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | **CRIMINAL NO. 06-76-GMS** |
| **CHIAN SPIRIT MARITIME** | * | |
| **ENTERPRISES, INC.,** | * | |
| **VENETICO MARINE S/A and M/V** | * | |
| **IRENE EM,** | * | |
| | * | |
| **Defendants** | * | |

I, Sharon L. Bernardo, employee with the United States Attorney's Office, hereby certify that on November 14, 2006, I electronically filed the foregoing:

### SUBMISSION OF JURY INSTRUCTIONS

with the Clerk of the Court using the CM/ECF which will send notification of such filing to:

      CARL R. WOODWARD, III, ESQUIRE
      Cwoodward@CarellaByrne.com

      GEORGE M. CHALOS, ESQUIRE
      gmc@codus-law.com

                /s/ Sharon L. Bernardo